FALIN Good morning. May it please the Court, Thomas Falin for Emanuel Gorgora, the Petitioner. I have the Court's order admonishing counsel to focus on the criminal street gangs question, and so I will restrict my remarks to Petitioner's first three claims. Mr. Ballar, who represented Mr. Gorgora in opening statement to the jury, conceded essentially the facts necessary to the conviction of all 11 counts and suggested to the jury that Mr. Gorgora was guilty only of lesser-included offenses of each of those 11 charges. Had Mr. Ballar done more, he would have essentially pled his client straight up to the indictment, and he didn't do that. With respect to Counts 7 and 11, the only contested issue that remained for Mr. Ballar to defend after his opening statement and in light of the strength of the case, which included a confession by the Petitioner and the existence of several precipient witnesses, all of whom were going to confirm the truth of Mr. Gorgora's confession, the only defense that Mr. Ballar retained after that was the question, did Mr. Gorgora commit Counts 7 and 11 to further the interests of a criminal street gang? So distilled to its essence, the only contested element of Counts 7 and 11 was that. At the evidentiary hearing that was granted by Magistrate Judge Duncan, Mr. Ballar admitted that that was a contested element of both offenses. Magistrate Judge Duncan, in commenting on the strength of Respondent's case there at the evidentiary hearing, said the evidence on this element is not overwhelming. So the one contested element of these two charges, or the one element that remained, was contested by the Petitioner, and the evidence on that element was not overwhelming. If I got it right, there was no objection at trial. So the review both within the State system and from our perspective is a fundamental error, plain error review. The question is whether the trial court should have instructed on the definition of a criminal street gang. Correct. Criminal street gang is the element. Correct. The jury was instructed that it had to find that he assisted a criminal street gang in order to convict. What the court didn't do was to give the definition that you now say should have been given. Right? Well, I wonder if it's a little more nuanced than that. I don't know that the jury was instructed that they had to find that he was a member. Didn't say he doesn't have to be a member. I mean, that he was working in furtherance of a criminal. I don't know that the jury was told that. I also know for a fact. I've read the instructions. I mean, they were instructed. You don't complain in any event that the instruction did not tell the jury that he had to have used the gun in order to assist. Correct. A criminal street gang. That's the essence of the charge. Yes, Your Honor. Okay. So your complaint is that the jury, that the judge should have instructed what it meant. Correct. Okay. And so if you focus on the definitional error. Okay. Why aren't we in Boyd land, and why is the question simply whether the jury could have somehow unconstitutionally misapplied the instruction? Well, the only testimony in the record with respect to a distinction between simple street gangs and criminal street gangs came from Detective Lucero, the state's gang expert. And he himself said of the 140 gangs in Phoenix, 50 are criminal street gangs. So just simply as a matter of odds. The definition from the other statute, is that correct? That's correct. Whatever definition Officer Lucero had in his mind, and I can't tell you what he thought they were, but that's what he told the jury. So simply as a matter of statistics, the odds were that SSE was not a criminal street gang. All sorts of evidence that SSE engaged in violent conduct. Well. Which is generally speaking regarded as criminal. I dispute that there is a lot of evidence to that effect, Your Honor. Oh, there was some. That's correct. All right. So the fact that there is some evidence that SSE engaged in it, there's no question that he helped them. He knew that the two people in the car were SSE members. He knew that he was shooting at enemies, you know, people that they were happy to have shot at. And that certainly permits an inference that he acted to help them. Why isn't that the end of it? Nevertheless, one of the defenses that was raised at trial and finds expression throughout this litigation is that, in fact, he was motivated by something other than that, that he was a 16-year-old boy trying to impress two girls in the back seat. After he thought he was being very cool, and he may have tried to argue that, but the point is the jury could reasonably infer from the facts I just mentioned that, in fact, what he was doing was helping the SSE members retaliate against people who were SSE foes. Perhaps. Perhaps that's true. But it doesn't answer the question, was SSE a street gang or a criminal street gang? And the answer to that is critical to the constitutionality of his conviction. I'm not sure that that was really the defense offered. I think the defense offered is what you just suggested, that his intent was something else. He wasn't trying to help them. He was trying to show off. I'm not sure there was a defense as to the difference between street gang and criminal street gang. Well, Mr. Ballar and cross-examining Officer Lucero tried to point out that a criminal street gang could apply to members of the police force. They wear colors, members of their organization periodically engage in criminal activity on their own. They associate on a regular basis with known criminals. The argument was that the definition of criminal street gang is all over the map and that SSE was not. SSE is a group of young Hispanic Americans who, in eighth and ninth grade, broke off, also in an attempt to be cool, and labeled themselves something that they may or may not have been. The legal term of art, criminal street gang, is nuanced in the extreme, and that's because the Arizona legislature has made it so. But let me ask you this. I mean, it's nuanced in the extreme. There is a statutory definition of criminal street gang, but as I read the criminal street gang, this use of criminal street gang is not defined in that specialized way. I think that's a misapprehension, Your Honor. And I would, this is in the pleadings, but in McCoy, State v. McCoy, which is a case that construed this statute back in the, when it was still extant, and State v. McCoy is at 928 Pacific 2nd, 649, confronted the same question. The Court of Appeals for Division II says, it appears that the definition of criminal street gang does not technically apply here, but we're going to use it anyway, because it's the only one that there is. The other thing is, the State never, until Judge Sedwick raised it, used the fact that this criminal street gang definition did not apply as a defense to Petitioner's claims for the last 11 years. So I would argue that the State, or that the Respondents have waived that argument. I don't think it applies under McCoy v. State v. McCoy. It's fairly clear, because it was the ---- The question is not whether a judge couldn't have decided to give that definition if asked. Yes. Just because it makes sense. Or he could have decided to give some other definition, because it also makes sense, because the two definitions are quite different. I mean, the preamendment version and the amendment version are rather different. Perhaps. So the judge could have decided to give either one of those or a third version. But he didn't. And wasn't asked to. No. So the question now is, was it plain constitutional error and unreasonable for the Arizona court to determine that it wasn't fundamental error not to give a definition? All sorts of things go without definition. That's true. Judge Sedwick seemed to think that a layperson's intuitive understanding of criminal street gang is properly informed by media exposure to what a criminal street gang is. I find that frightening. Were a person charged with murder or assault, and the court failed to instruct the jury on the meaning of these arguably well-understood terms, I don't think this Court would hesitate to say that the jury was not unfettered in its consideration of what murder meant, and therefore, we can't have confidence in the verdict. I am here, I believe, Your Honor, on three fundamental constitutional questions. Actually, here on one. And we have to decide whether you're here on the other two. Okay. That's correct. But I think that the one claim or the three claims having to do with criminal street gang can be parsed into three separate constitutional problems. We have a due process issue under In Re Winship, a 14th Amendment claim. We have a Sullivan v. Louisiana failure to obtain a jury verdict on an essential and contested element of the offense. That's a Sixth Amendment right to jury trial and a Sixth Amendment right to a jury verdict. We have a Sixth Amendment right to effective assistance of counsel that is implicated by trial counsel's failure to secure an instruction to the jury on the only contested element in two of the charges. The problem is you keep saying on the only contested element. I mean, the element is the – let's agree the element is assisting the criminal street gang. Correct. Right? Right. But there wasn't a failure to instruct on that. And it could have been argued. I don't know whether it was or wasn't. It could have been argued any which way. The evidence, including from members of the gang, was that it participated in violence. Most people figure that violence is criminal. Right. And there were clearly several people involved. Well, the statute is more specific than that, Your Honor, with due respect. Even by end of that statute. Well, I think we must under McCoy v. State v. McCoy. And it's the only definition of criminal street gang that existed at the time in the Arizona statutory lexicon. So to suggest that this crime had no statutory definition at all is rather absurd. The question of whether this particular gang was a criminal street gang was never answered by Officer Lucero, the State's own gang expert. Officer Lucero never said that SSE is a criminal street gang, nor did Detective Emberling. There was no evidence whatsoever in the record. I would suppose that would have other evidentiary problems if they had done that. Well, he just ---- I mean, the point is that the evidence shows, including not just from the officers, from the two gang members, I've forgotten their names, but J.J. and ---- Jacob, J.J. And Jacob, thank you. Right. I testify to violent acts. But the definition of criminal street gang says that the syndicate was formed for the explicit purpose of violating Arizona law and that the members thereof do so on a continuous basis. This is a very narrowly tailored legal term of art. There was no evidence to support either of those definitional prongs of criminal street gang. If Officer Lucero felt confident enough to tell the jury that only 50 of 140 criminal street gangs are criminal street gangs, he certainly would have felt emboldened enough to say this one is one of those. But he didn't. Nor did anyone else. Nor was there any evidence that this particular group of people did on a continuous basis involve themselves in criminal activity. There was no testimony either that the gang was formed specifically for the purpose of committing crimes contrary to the statutes of the State of Arizona. There's a complete failure of proof on those two prongs of the definition of criminal street gang. And because it's such a nuanced term of art, to let the jury simply bring into the jury room their visceral understanding of what a street gang is, is trial by innuendo. It's an unfettered jury determination. Of course they came back guilty of assisting a criminal street gang because it smelled like one. Moreover, much of the testimony that came in and lots of the argument that finds its way to this court involves of criminal street gang activity on the part of SSP, the victim gang, which is irrelevant to the question before the court. There may be an abundance of evidence that says that SSP is a criminal street gang, and they may be one. But the question before the court is, was SSE a criminal street gang? And there isn't any. And there isn't any definition. And I think it's dangerous to simply ignore the real possibility that this jury looked at a young Hispanic man associating with a lot of Hispanic people and allow them to bring to bear on the question of his guilt. Yeah, it feels like a gang, he probably did it for a criminal street gang when there is no evidence in the record to suggest that the district court's order is an abuse of discretion in a couple of ways. One, its invention of, and I use that term with respect, its invention of the non-applicability of the criminal street gang definition to the case is new and inapplicable under Arizona state law. And two, its resolution of the claim that this was a popularly understood definition anyway and it doesn't matter ignores Sullivan v. Louisiana, United States v. Godin, Powell v. Galazza out of this court, Ivanchik v. Stewart out of this court, and other cases which have said. All of which, in all of which, there was a failure to instruct on an element, not a definition. Correct. I submit this is an element, Your Honor. All right. Okay. The, I don't know that the Respondents have ever disputed that this is an element. I'm disputing that it's an element to assist a criminal street gang, but the definition is not an element. The definition simply says what it is. So there wasn't a failure to instruct on an element, as in the cases you just mentioned. It's a scientific. It created an ambiguous jury instruction situation. It certainly may have done that. It went right to the intent necessary to commit the crime. Plumbing the motive of the actor was precise. I pause there. Yes, sir. I don't want to use up the rest of your time. I'd like to reserve some time. There's something fundamentally distinct between intent. Was he trying to impress the girls in the back seat? Yes. And the criminal street gang, as defined as a term of art under the other Arizona statute, was a criminal street gang as was a street gang. Those seem to be two different issues. And the defense was focused on intent, not on whether this gang happened to qualify under the other statute. If that's the case, then Mr. Gungor received ineffective assistance of counsel under the Sixth Amendment. I'd like to reserve the balance of my time for rebuttal. Thank you. Mr. Shulman. And may it please the Court. My name is Assistant Attorney General Robert Walsh, appearing on behalf of the State of Arizona in this case. Petitioner's argument predicated upon Sullivan, Godin, Osborne and Sandstrom is misplaced because, as this Court has already acknowledged during questioning of my opposing counsel, the jury was in fact instructed for this particular, these two counts, counts 7 and 11, a person commits a misconduct involving weapons by knowingly discharging a firearm at an occupied structure in order to assist, promote or further the interests of a criminal street gang. The jury was given that instruction and told that they needed to find these elements beyond a reasonable doubt. The issue here is whether or not the trial court's failure sua sponte, without being asked to, to provide the criminal street gang definition in 13-2301 constituted a violation of due process. Now, when you take a look at what a criminal street gang is, the way it was defined under ARS 13-2301A2, it was defined as a criminal syndicate which is composed of three or more persons and which engages in or has as its purpose of engaging in felony offenses included in Chapter 34 of this title, which are our drug statutes, or felony offenses involving physical injury or threats of physical injury. Now, a jury not given this particular instruction would already have this concept in mind. And this Court in Walker v. Endell and in cases citing Walker v. Endell, such as U.S. v. when you were deciding whether the failure to define an accomplice was plain error, you recognize the fact that if the concepts are substantially the same, there is no due process violation whatsoever. And the dictionary, I'll give you an example. Webster's Third New International Dictionary of the English Language defines a gang as a company of criminals, a group of persons acting in accord who are believed to engage in improper acts or be influenced by self-seeking corrupt or unworthy motives. And criminal, of course, everyone knows what criminal means. That means involving or of the nature involving crime. Well, you can't be arguing that gang by itself means criminal. I'm sorry, can you say that again? You cannot be arguing seriously that the word gang by itself means that the people in that organization are engaged in criminal activity. Well, the plain definition, of course, that I've given you from the dictionary indicates that there's an improper motive or criminal, but it's presented by the word. But I see the problem is I don't think those kids were criminals. I mean, you can't say gang by itself means criminal. Right. Which is why, of course, the statute says criminal. Right. Right. And it's modified by the word criminal. Yeah. So if the gang, it was just a gang, if the jury was just instructed this was to promote a gang, then I'd agree. But it was a criminal street gang. You put those three words together, you have basically the same definition, the statutory definition Arizona provided. Now, I want to talk about something a little bit different here. Before you leave that then, and I'm blanking on the detective's name, but a colleague has cited testimony that only 50 of them would qualify. He's drawn some distinction there. Is that a distinction that should cause concern about the argument you just gave? Not at all. Because the officer was allowed to give a history, so to speak, of gangs in the Phoenix area. And that he indicated that this group, SSE, broke off from SSP, which came from the Bloods. And I think it's pretty well known that the Bloods and the Crips are criminal street gangs. He also indicated that the Bloods and Crips were involved in drug transactions, that they were rivals. He indicated that he had investigated other violent type offenses involving these two gangs. And that was buttressed by the fact that I understand it deals with SSP, but J.J. Montoya's banner, so to speak, had a lot of explicit references to the SSE. And the fact is, is that there were acts of violence between them. Now, the officer did not go into detail about that because it was not a contested element. That, I mean, if the defendant had gotten up and said, hey, look, they haven't proved that SSE is a criminal street gang, then the State would probably go into more detail as to what SSE had done. But we do know that at least three things happened that indicate that the SSE were involved in criminal activity above and beyond Lucero's testimony. At the church parking lot prior to both of these drive-by shootings, J.J. Montoya testified that Roman, one of the SSE members, brandished a shotgun at them. Then we have the altercation. The police come, break it up. And then you have the two drive-by shootings that are charged here. And so when you take a look at all those things, that indicates that the SSE is a criminal street gang. No, you can't use those two drive-by shootings as activities of the gang. He himself is not a gang member. So you can't say that that's what the gang does. The charge is here he's doing this in furtherance of the purposes of the gang. Right, but he was doing it at the behest of Roman, who was an SSE gang member. I'm not sure he was or was not. But I think to use his shootings as evidence that the gang has as a purpose to do that is a bootstrap. There may be other evidence, but I'm not sure that evidence gets you very far. Well, if you look at Olchee versus the United States, there the Supreme Court indicated that evidence may satisfy more than one element at a time. And so in that particular case and the cases I cited thereafter illustrate the point that a certain piece of evidence may hit several elements. Of course that's true. Let me ask you this. Was anyone injured as a result of these shootings? No, no one was injured, especially the people in the car. I know they were afraid they were going to die, but the other people weren't aware of it because they were asleep at the time. But the point I want to make – And what was the total sentence? I did a little adding up here, but I wanted you to tell me so I made sure I did my addition correct. I believe that there were a lot of sentences that were run concurrently. That's why I'm asking you instead of trusting my own addition. I want to say that the best place to look would be my brief, but I believe that the longest sentences were 11-1⁄4. There were a bunch of other counts that ran concurrently to that, then another 11-1⁄4. Yeah, that would make sense. So we have 22-1⁄2 years. That's what I believe. For two shootings involving no physical injuries. That's what it would be. He must have been a pretty bad boy at 16 for this to be the sentence. Well, that's basically a decision that the trial court and the State had to deal with, and it's not an issue really for this. I understand. But I'm trying to figure out what's going on here, and that just strikes me as a long sentence for no physical injury for a 16-year-old boy. Okay. I can understand that. The one point that I think needs to be reiterated here is that the defense was not that the SSE wasn't a criminal street gang, but rather that the defendant's intent was to impress the two girls in the back seat who thought he looked like Rambo and was very cool when he held the gun, and that he did the crime to impress them. Nowhere in the opening statement do you hear the defense attorney say the SSE is not a street gang. In fact, during the cross-examination, I think that the defense attorney actually implicitly concedes that the SSE is a criminal street gang, because it's on page 41 of the transcript of January 23, 1995, and he's examining at this point Detective Lucero, and he says to the defense attorney, he asks, okay, you say that they're associates of a gang. Is that right? Yes, sir. Okay. Are these associates necessarily criminally involved? Answer, not all the time. I'm giving you this to lead up, because the question that I want you to focus on is later. Not all the time. They just want to be with the gang. That's correct. Or they deal with the gang. Answer, each person has their own reason why they associate with the gang. It could be for various reasons. Question, okay, so you've dealt with gangs. Yes. Question, by your definition, would you be a gang member? No, sir. Question, though you've dealt with the South Side SSE and the South Side Posse and so forth, you're not a gang member? No, sir, I'm not. Now, why would the defense attorney predicate those questions unless he was basically saying the SSE and the SSP are criminal street gangs? Well, if you take a look at what the defendant said to Detective Emberlin during his post-Miranda interview, basically what this particular defendant told the officer was that he explained to me that he had just met the other kids. This is page 84 of the January 19, 1995 transcript. He explained to me, says Officer Emberlin, that he had just met the other kids that were in the car after they had been involved with the fight with another gang, a rival gang. Now, you take a look in page 88, and the question to Officer Emberlin from the prosecutor was, and did he tell you as to whether he had jumped in a friend's In response to this question, and did he tell you as to whether they had jumped in a friend's some time ago, Emberlin responded that the petitioner stated that he had realized that the South Side SSE, the gang that these two other boys were talking about, actually jumped a friend of his who were a 9th Street member. The defense attorney admitted during the evidentiary hearing we had before Judge Magistrate David Duncan that he introduced no evidence to indicate that the SSE was not a criminal street gang. And the expert, Mr. Philip Sepolo, an attorney who testified on behalf of the petitioner, agreed with that. Now, when you look at the closing argument, I mean, you can see that the defense attorney had no evidence. I asked him explicitly, did you have any evidence to present that the SSE wasn't a criminal street gang? And he didn't have any. He didn't present it. In closing argument, just to drive this point home, the entire focus of the defense attorney's argument was that my client did not intend to promote SSE, not that SSE wasn't a gang. This is what Mr. Ballard said in closing. Ladies and gentlemen, the State has attempted to say Manuel is a member of a gang or associate of a gang. Maybe they're right, but he's not a gang member. They're trying to brush him with the same tar as, say, Jacob Montoya or J.J. Montoya, who were members of the SSP. He is not that way. He's a young man and who arrived and got excited because some girls were paying attention to him. They're calling him Rambo. At such a young age, that excited him. They said he looked good. And he made a mistake, but it's a mistake that he acknowledges, and it's a mistake that he says, I want to pay for. It's a mistake. And on page 84, it's interesting, the defendant says, finally, ladies and gentlemen, the misconduct involving weapons charges, I will ask you to find him guilty of those charges as well. But he asks the jury not to find it to be a dangerous crime because it involved a weapon. The whole battleground of this case was the intent of Petitioner, not whether the SSE was a criminal street gang. And when you take a look at Henderson v. Kibbe, it tells you that when you're doing a habeas case, a review in court looking at an erroneous jury instruction has to find a — basically, when you're dealing with an unobjected jury instruction, you're going to have to find something greater than plain error. And you don't have that here. And the Court also indicated in Henderson that when you have an omission as opposed to an erroneous instruction, that it burns even higher. So what you have here is a standard that the defendant has not yet met and can't meet. There's nothing in the record to indicate the SSE was not a criminal street gang. Does the Court have any more questions for me? Kagan. I don't think so.  Thank you very much. I appreciate it. Thank you, Mr. Phelan. I appreciate Judge Fletcher's concern about the length of sentence. But, in fact, after all the dust settles, Mr. Gongora was sentenced to a total of 18 years and change. And I added it to 28. I had a hard time figuring it out, too. It's hard. It's taken me 11 years to figure it out. Mr. Walsh again today suggested that the defense had some obligation, to present evidence that the SSE was not a criminal street gang. This is a ‑‑ and I objected in the district court, and I want to say it again, that misplaces the burden of proof in a criminal case. This is an element of the offense, the only contested element of the offense, and the suggestion that it is Mr. Gongora's fault for failing to adduce evidence that SSE was not a criminal street gang is a violation of the Due Process Clause of the 14th Amendment. I also appreciate Judge Fletcher's concern about using Mr. Gongora's and others' behavior on the night of the question as proof of the element in question. Moreover, I want to suggest to the Court that an appellate court's satisfaction, based upon its review of the record, that the facts might have or would have or most compellingly would have proved the element beyond a reasonable doubt is flatly in violation of Sullivan v. Louisiana. The wrong entity is making a decision on an element, and that violates the Sixth Amendment. And my time is up. Thank you. All right. Thank you, Mr. Kalin. The matter just argued will be submitted.
judges: Rymer, W. Fletcher, Clifton